IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS J. BAXA, | ) | |
| | ) | |
| Plaintiff, | ) | FILED: JUNE 2, 2008 |
| | ) | 08CV3184        TG |
| -vs- | ) | JUDGE LEINENWEBER |
| | ) | MAGISTRATE JUDGE ASHMAN |
| VILLAGE OF VILLA PARK, an Illinois | ) | |
| municipal corporation, and GENARO | ) | |
| ESPOSITO, JOSE PAGAN, KORDELL | ) | |
| KITCHING, JAMES CIHAK, and | ) | |
| DAVID SUBJECT, the individual | ) | |
| Defendants being named in their | ) | |
| individual capacities, | ) | Plaintiff Demands |
| | ) | Trial By Jury |
| Defendants. | ) | On All Counts |

COMPLAINT

COUNT I

(42 U.S.C. §1983)

(Fourth Amendment—Arrest Without Probable Cause)

(Plaintiff THOMAS J. BAXA against Defendant JAMES CIHAK)

NOW COMES the Plaintiff, THOMAS J. BAXA, by and through his

attorney, J. R. WIMMER, and complaining of the Defendant, JAMES CIHAK,

alleges and states as follows:

1.  That the Plaintiff, THOMAS J. BAXA, has brought this action to

redress injuries he suffered and damages he sustained as a result of the

violation of his rights under the Fourth Amendment to the United States

Constitution.

- 1 -

2.  That jurisdiction over this action has been conferred upon this Court under 28 U.S.C. §1331 and 42 U.S.C. §1983.

3.  That the Plaintiff, THOMAS J. BAXA, is, and at all times herein mentioned was, a citizen of the United States and a resident of Villa Park, DuPage County, Illinois.

4.  That the Defendant, JAMES CIHAK, is, and at all times herein mentioned was, a police officer employed by the Village of Villa Park, an Illinois municipal corporation.

5.  That on or about June 3, 2006, the Plaintiff, THOMAS J. BAXA, was outside of Fitz's Irish Bulldog, a bar/restaurant located in Villa Park, DuPage County, Illinois, and had visible injuries to his face.

6.  That then and there the Plaintiff, THOMAS J. BAXA, was approached by the Defendant, JAMES CIHAK, and other Villa Park police officers, including Jose Pagan and Kordell Kitching.

7.  That then and there the Plaintiff, THOMAS J. BAXA, got into a discussion with said police officers.

8.  That, during said discussion, the Plaintiff, THOMAS J. BAXA, at various times pointed his finger for emphasis at the police officers with whom he was speaking, including the Defendant, JAMES CIHAK, and Officers Jose Pagan and Kordell Kitching.

9.  That, under the circumstances, no reasonable person would have believed that the Plaintiff, THOMAS J. BAXA, was about to strike any of said police officers with his finger, nor would any reasonable person, under the

circumstances, have apprehended that any of the police officers was about to be battered by the Plaintiff, THOMAS J. BAXA.

10.  That then and there the Defendant, JAMES CIHAK, arrested the Plaintiff, THOMAS J. BAXA, for the offense of aggravated assault under section 12-2(a)(6) of the Criminal Code of 1961, as amended (720 ILCS 5/12-2(a)(6) (West 2006)).

11.  That the Defendant, JAMES CIHAK, subsequently prepared a complaint charging the Plaintiff, THOMAS J. BAXA, with aggravated assault under section 12-2(a)(6) of the Criminal Code of 1961, the complaint alleging that said Plaintiff had committed said offense in that he "in committing an assault . . . repeatedly charged at and pointed his finger in the faces [of] Ofcs Cihak #352, Kitching #332 & Pagan #344 knowing them to be a peace officer engaged in the execution of their duties."

12.  That at the time the Defendant, JAMES CIHAK, arrested the Plaintiff, THOMAS J. BAXA, there was not probable cause to believe that he had committed a criminal offense.

13.  That, as a proximate result of the unconstitutional arrest of the Plaintiff, THOMAS J. BAXA, said Plaintiff was physically harmed by certain police officers at the Villa Park police department and suffered physical injuries.

14.  That, as another proximate result of the unconstitutional arrest of the Plaintiff, THOMAS J. BAXA, said Plaintiff suffered a loss of liberty.

15.  That, as another proximate result of the unconstitutional arrest of

the Plaintiff, THOMAS J. BAXA, said Plaintiff suffered humiliation and mental anguish.

16.   That, as another proximate result of the unconstitutional arrest of the Plaintiff, THOMAS J. BAXA, said Plaintiff was required to expend money for attorney's fees in and about defending himself from the charge of aggravated assault.

17.   That the actions of the Defendant, JAMES CIHAK, set forth above, were undertaken either with the intent to deprive the Plaintiff, THOMAS J. BAXA, of his rights under the Fourth Amendment to the United States Constitution, or in reckless disregard of said rights.

18.   That the actions of the Defendant, JAMES CIHAK, set forth above, were undertaken under color of state law.

WHEREFORE, the Plaintiff, THOMAS J. BAXA, prays that this Court:

(a)  Award the Plaintiff, THOMAS J. BAXA, compensatory damages in an amount to be determined by the jury;

(b)  Award the Plaintiff, THOMAS J. BAXA, and assess against the Defendant, JAMES CIHAK, punitive damages in an amount to be determined by the jury;

(c)  Award the Plaintiff, THOMAS J. BAXA, his reasonable attorney's fees pursuant to 42 U.S.C. §1988;

(d)  Award the Plaintiff, THOMAS J. BAXA, his costs pursuant to Fed.R.Civ.P. 54; and

(e)  Grant the Plaintiff, THOMAS J. BAXA, such other and further relief

as is proper and just in the premises.

COUNT II

(42 U.S.C. §1983)

(Fourth Amendment—Excessive Force, and
Failure to Intervene, and Municipal Liability)

(Plaintiff THOMAS J. BAXA against Defendants VILLAGE
OF VILLA PARK, GENARO ESPOSITO, JOSE PAGAN,
KORDELL KITCHING, JAMES CIHAK, and DAVID SUBJECT)

NOW COMES the Plaintiff, THOMAS J. BAXA, by and through his

attorney, J. R. WIMMER, and complaining of the Defendants, VILLAGE OF

VILLA PARK, GENARO ESPOSITO, JOSE PAGAN, KORDELL KITCHING,

JAMES CIHAK, and DAVID SUBJECT, the individual Defendants being named

in their individual capacities, alleges and states as follows:

1.  That the Plaintiff, THOMAS J. BAXA, has brought this action to

redress injuries he suffered and damages he sustained as a result of the

violation of his rights under the Fourth Amendment to the United States

Constitution.

2.  That jurisdiction over this action has been conferred upon this Court

under 28 U.S.C. §1331 and 42 U.S.C. §1983.

3.  That the Plaintiff, THOMAS J. BAXA, is, and at all times herein

mentioned was, a citizen of the United States and a resident of Villa Park,

DuPage County, Illinois.

4.  That Defendant VILLAGE OF VILLA PARK is a municipal corporation

organized and existing under the laws of the State of Illinois.

5.  That Defendants GENARO ESPOSITO, JOSE PAGAN, KORDELL

KITCHING, JAMES CIHAK, and DAVID SUBJECT are, and at all times herein mentioned were, police officers employed by Defendant VILLAGE OF VILLA PARK.

6.  That on or about June 3, 2006, the Plaintiff, THOMAS J. BAXA, was arrested by Villa Park police outside of Fitz's Irish Bulldog, a bar/restaurant located in Villa Park, DuPage County, Illinois.

7.  That the Plaintiff, THOMAS J. BAXA, was subsequently transported to the Villa Park police station.

8.  That on or about June 3, 2006, after being transported to the Villa Park police station, the Plaintiff, THOMAS J. BAXA, was subjected to excessive and unreasonable force by Villa Park police officers as set forth below.

9.  That as the Plaintiff, THOMAS J. BAXA, was sitting on a bench at the Villa Park police station, at a time when his hands were cuffed behind his back, the Plaintiff told the individual Defendants that he needed to go to the bathroom.

10.  That then and there, instead of allowing the Plaintiff, THOMAS J. BAXA, to go to the bathroom, Defendant GENARO ESPOSITO repeatedly slammed into the Plaintiff's left side, said Defendant using his body, elbow and/or a riot stick concealed under his sleeve or arm to do so, until the Plaintiff urinated in his pants.

11.  That Defendants JOSE PAGAN, KORDELL KITCHING, JAMES CIHAK, and DAVID SUBJECT observed Defendant GENARO ESPOSITO as he repeatedly slammed into the Plaintiff's left side as noted above in paragraph 9;

Defendants JOSE PAGAN, KORDELL KITCHING, JAMES CIHAK, and DAVID
SUBJECT had a realistic opportunity to do something to prevent further harm
from occurring, and failed to take reasonable steps to prevent said harm.

12.  That, subsequently, other arrested persons were brought into the
Villa Park police station, and the Plaintiff, THOMAS J. BAXA, warned them
about potential abuse by Villa Park police officers, and then and there
Defendant KORDELL KITCHING pushed the Plaintiff's head into the wall and
ground the Plaintiff's face against the wall, cutting the bridge of the Plaintiff's
nose.

13.  That, subsequently, Defendant GENARO ESPOSITO grabbed the
middle finger on the Plaintiff's right hand and twisted it until the Plaintiff felt a
pop, followed by intense pain.

14.  That the Plaintiff's finger has been disfigured by a swollen knuckle
ever since.

15.  That the actions and omissions of the individual Defendants
recounted above were undertaken under color of state law.

16.  That the actions and omissions of the individual Defendants
recounted above were undertaken either with the intent to deprive the Plaintiff,
THOMAS J. BAXA, of his rights under the Fourth Amendment to the United
States Constitution, or in reckless disregard of said rights.

17.  That the misconduct described in this count was undertaken
pursuant to the policy and practice of Defendant VILLAGE OF VILLA PARK and
the Villa Park police department in that:

(a)   As a matter of both policy and practice, the Villa Park police department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

(b)   As a matter of both policy and practice, the Villa Park police department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Villa Park police officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting the Plaintiff;

(c)   Specifically, Villa Park police officers accused of excessive force can be confident that Defendant VILLAGE OF VILLA PARK will not investigate those accusations in earnest, and will refuse to recommend discipline even where the officer has engaged in excessive force;

(d)   Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Villa Park police department abuse citizens in a manner similar to that alleged by the Plaintiff in this count on a frequent basis; yet the Villa Park police department makes findings of wrongdoing in a disproportionately small number of cases, if any;

(e)   Municipal policy-makers of Defendant VILLAGE OF VILLA PARK are aware of, and condone and facilitate by their inaction, a "code of silence" in the Villa Park police department, by which officers fail to report misconduct

committed by other officers, such as the misconduct at issue in this case; and

(f)    Defendant VILLAGE OF VILLA PARK has failed to act to remedy the patterns of abuse described in the preceding subparagraphs, despite actual knowledge of same, thereby causing the types of injuries alleged here.

18.  That, as a proximate result of the actions and omissions of the Defendants, and each of them, recounted above, the Plaintiff, THOMAS J. BAXA, suffered physical injuries, physical pain, humiliation, and mental anguish.

WHEREFORE, the Plaintiff, THOMAS J. BAXA, prays that this Court:

(a)  Award the Plaintiff, THOMAS J. BAXA, compensatory damages in an amount to be determined by the jury;

(b)  Award the Plaintiff, THOMAS J. BAXA, and assess against the individual Defendants, GENARO ESPOSITO, JOSE PAGAN, KORDELL KITCHING, JAMES CIHAK, and DAVID SUBJECT, punitive damages in an amount to be determined by the jury;

(c)  Award the Plaintiff, THOMAS J. BAXA, his reasonable attorney's fees pursuant to 42 U.S.C. §1988;

(d)  Award the Plaintiff, THOMAS J. BAXA, his costs pursuant to Fed.R.Civ.P. 54; and

(e)  Grant the Plaintiff, THOMAS J. BAXA, such other and further relief

as is proper and just in the premises.

        THOMAS J. BAXA


        By: _____/s/ J. R. Wimmer_____
               J. R. Wimmer


J. R. WIMMER
Attorney at Law
928 Warren Avenue
Downers Grove, Illinois  60515
(630) 810-0005
Attorney No. 03125600