12147

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS J. BAXA,<br><br>      Plaintiff,<br><br>-vs-<br><br>VILLAGE OF VILLA PARK,<br>an Illinois municipal corporation,<br>and GENARO ESPOSITO,<br>JOSE PAGAN, KORDELL KITCHING,<br>JAMES CIHAK, and DAVID SUBJECT,<br>the individual Defendants being named<br>in their individual capacities,<br><br>      Defendants. | No. 08 CV 3184<br>Judge Leinenweber<br>Magistrate Judge Ashman |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S COMPLAINT

NOW COME, Defendants, VILLAGE OF VILLA PARK, an Illinois municipal corporation and GENARO ESPOSITO, JOSE PAGAN, KORDELL KITCHING, JAMES CIHAK, and DAVID SUBJECT, by and through their attorneys, James L. DeAno, Laura L. Scarry, Scott B. Dolezal and Patrick F. Moran of DeANO & SCARRY, and for their Answer and Affirmative Defenses, state as follows:

### COUNT I

(42 U.S.C. §1983)

(Fourth Amendment Arrest Without Probable Cause)

(Plaintiff THOMAS J. BAXA against Defendant JAMES CIHAK)

1. That the Plaintiff, THOMAS J. BAXA, has brought this action to redress injuries he suffered and damages he sustained as a result of the violation of his rights under the Fourth Amendment to the United States Constitution.

1

**ANSWER:** Defendant admits that Plaintiff has brought this action to redress injuries he allegedly suffered and damages he allegedly sustained under the Fourth Amendment to the United States Constitution. Defendant denies the remaining allegation of paragraph 1.

2. That jurisdiction over this action has been conferred upon this Court under 28 U.S.C. §1331 and 42 U.S.C. §1983.

**ANSWER:** Defendant admits the allegations in paragraph 2.

3. That the Plaintiff, THOMAS J. BAXA, is, and at all times herein mentioned was, a citizen of the United States and a resident of Villa Park, DuPage County, Illinois.

**ANSWER:** Defendant is without sufficient knowledge or information to form a belief as to the truth of the matter asserted and, therefore, denies the allegation in paragraph 3.

4. That the Defendant, JAMES CIHAK, is, and at all times herein mentioned was, a police officer employed by the Village of Villa Park, an Illinois municipal corporation.

**ANSWER:** Defendant admits the allegations in paragraph 4.

5. That on or about June 3, 2006, the Plaintiff, THOMAS J. BAXA, was outside of Fitz's Irish Bulldog, a bar/restaurant located in Villa Park, DuPage County, Illinois, and had visible injuries to his face.

**ANSWER:** Defendant admits the allegations in paragraph 5.

6. That then and there the Plaintiff, THOMAS J. BAXA, was approached by the Defendant, JAMES CIHAK, and other Villa Park police officers, including Jose Pagan and Kordell Kitching.

**ANSWER:** Defendant admits the allegations in paragraph 6.

7. That then and there the Plaintiff, THOMAS J. BAXA, got into a discussion with said police officers.

**ANSWER:** Defendant admits the allegations in paragraph 7.

8. That, during said discussion, the Plaintiff, THOMAS J. BAXA, at various times pointed his finger for emphasis at the police officers with whom he was speaking, including the Defendant, JAMES CIHAK, and Officers Jose Pagan and Kordell Kitching.

**ANSWER:** Defendant admits that Plaintiff pointed his finger at various police officers, but denies the remaining allegations in paragraph 8.

9. That, under the circumstances, no reasonable person would have believed that the Plaintiff, THOMAS J. BAXA, was about to strike any of said police officers with his finger, nor would any reasonable person, under the circumstances, have apprehended that any of the police officers was about to be battered by the Plaintiff, THOMAS J. BAXA.

**ANSWER:** Defendant denies the allegations in paragraph 9.

10. That then and there the Defendant, JAMES CIHAK, arrested the Plaintiff, THOMAS J. BAXA, for the offense of aggravated assault under section 12-2(a)(6) of the Criminal Code of 1961, as amended (720 ILCS 5/ 12-2(a)(6) (West 2006)).

**ANSWER:** Defendant admits the allegations in paragraph 10.

11. That the Defendant, JAMES CIHAK, subsequently prepared a complaint charging the Plaintiff, THOMAS J. BAXA, with aggravated assault under section 12-2(a)(6) of the Criminal Code of 1961, the complaint alleging that said Plaintiff had committed said offense in that he "in committing an assault ... repeatedly charged at and pointed his finger in the faces [of] Ofcs Cihak #352, Kitching #332 86 Pagan #344 knowing them to be a peace officer engaged in the execution of their duties."

**ANSWER:** Defendant admits the allegations in paragraph 11.

12. That at the time the Defendant, JAMES CIHAK, arrested the Plaintiff, THOMAS J. BAXA, there was not probable cause to believe that he had committed a criminal offense.

3

**ANSWER:**   Defendant denies the allegations in paragraph 12.

13.   That, as a proximate result of the unconstitutional arrest of the Plaintiff, THOMAS J. BAXA, said Plaintiff was physically harmed by certain police officers at the Villa Park police department and suffered physical injuries.

**ANSWER:**   Defendant denies the allegations in paragraph 13.

14.   That, as another proximate result of the unconstitutional arrest of the Plaintiff, THOMAS J. BAXA, said Plaintiff suffered a loss of liberty.

**ANSWER:**   Defendant denies the allegations in paragraph 14.

15.   That, as another proximate result of the unconstitutional arrest of the Plaintiff, THOMAS J. BAXA, said Plaintiff suffered humiliation and mental anguish.

**ANSWER:**   Defendant denies the allegations in paragraph 15.

16.   That, as another proximate result of the unconstitutional arrest of the Plaintiff, THOMAS J. BAXA, said Plaintiff was required to expend money for attorney's fees in and about defending himself from the charge of aggravated assault.

**ANSWER:**   Defendant denies the allegations in paragraph 16.

17.   That the actions of the Defendant, JAMES CIHAK, set forth above, were undertaken either with the intent to deprive the Plaintiff, THOMAS J. BAXA, of his rights under the Fourth Amendment to the United States Constitution, or in reckless disregard of said rights.

**ANSWER:**   Defendant denies the allegations in paragraph 17.

18.   That the actions of the Defendant, JAMES CIHAK, set forth above, were undertaken under color of state law.

**ANSWER:**   Defendant admits that Defendant, James Cihak was acting under color of law, but denies the remaining allegations of paragraph 18.

4

WHEREFORE, Defendant JAMES CIHAK, denies that the Plaintiff is entitled to any judgment whatsoever as against this Defendant.

## COUNT II

(42 U.S.C. §1983)

(Fourth Amendment Excessive Force, and Failure to Intervene, and Municipal Liability)

(Plaintiff THOMAS J. BAXA against Defendants VILLAGE OF VILLA PARK, GENARO ESPOSITO, JOSE PAGAN, KORDELL KITCHING, JAMES CIHAK, and DAVID SUBJECT)

1. That the Plaintiff, THOMAS J. BAXA, has brought this action to redress injuries he suffered and damages he sustained as a result of the violation of his rights under the Fourth Amendment to the United States Constitution.

**ANSWER:** Defendants admit that Plaintiff has brought this action to redress injuries he allegedly suffered and damaged he allegedly sustained under the Forth Amendment to the United States Constitution. Defendants deny the remaining allegations in paragraph 1.

2. That jurisdiction over this action has been conferred upon this Court under 28 U.S.C. §1331 and 42 U.S.C. §1983.

**ANSWER:** Defendants admit the allegations in paragraph 2.

3. That the Plaintiff, THOMAS J. BAXA, is, and at all times herein mentioned was, a citizen of the United States and a resident of Villa Park, DuPage County, Illinois.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the matter asserted and, therefore, denies the allegation in paragraph 3.

4. That Defendant VILLAGE OF VILLA PARK is a municipal corporation organized and existing under the laws of the State of Illinois.

**ANSWER:** Defendants admit the allegations in paragraph 4.

5

5. That Defendants GENARO ESPOSITO, JOSE PAGAN, KORDELL KITCHING, JAMES CIHAK, and DAVID SUBJECT are, and at all times herein mentioned were, police officers employed by Defendant VILLAGE OF VILLA PARK.

**ANSWER:** Defendants admit the allegations in paragraph 5.

6. That on or about June 3, 2006, the Plaintiff, THOMAS J. BAXA, was arrested by Villa Park police outside of Fitz's Irish Bulldog, a bar/restaurant located in Villa Park, DuPage County, Illinois.

**ANSWER:** Defendants admit the allegations in paragraph 6.

7. That the Plaintiff, THOMAS J. BAXA, was subsequently transported to the Villa Park police station.

**ANSWER:** Defendants admit the allegations in paragraph 7.

8. That on or about June 3, 2006, after being transported to the Villa Park police station, the Plaintiff, THOMAS J. BAXA, was subjected to excessive and unreasonable force by Villa Park police officers as set forth below.

**ANSWER:** Defendants deny the allegations in paragraph 8.

9. That as the Plaintiff, THOMAS J. BAXA, was sitting on a bench at the Villa Park police station, at a time when his hands were cuffed behind his back, the Plaintiff told the individual Defendants that he needed to go to the bathroom.

**ANSWER:** Defendants deny the allegations in paragraph 9.

10. That then and there, instead of allowing the Plaintiff, THOMAS J. BAXA, to go to the bathroom, Defendant GENARO ESPOSITO repeatedly slammed into the Plaintiff's left side, said Defendant using his body, elbow and/or a riot stick concealed under his sleeve or arm to do so, until the Plaintiff urinated in his pants.

**ANSWER:** Defendants deny the allegations in paragraph 10.

6

11. That Defendants JOSE PAGAN, KORDELL KITCHING, JAMES CIHAK, and DAVID SUBJECT observed Defendant GENARO ESPOSITO as he repeatedly slammed into the Plaintiff's left side as noted above in paragraph 9; Defendants JOSE PAGAN, KORDELL KITCHING, JAMES CIHAK, and DAVID SUBJECT had a realistic opportunity to do something to prevent further harm from occurring, and failed to take reasonable steps to prevent said harm.

**ANSWER:** Defendants deny the allegations in paragraph 11.

12. That, subsequently, other arrested persons were brought into the Villa Park police station, and the Plaintiff, THOMAS J. BAXA, warned them about potential abuse by Villa Park police officers, and then and there Defendant KORDELL KITCHING pushed the Plaintiff's head into the wall and ground the Plaintiff's face against the wall, cutting the bridge of the Plaintiff's nose.

**ANSWER:** Defendants deny the allegations in paragraph 12.

13. That, subsequently, Defendant GENARO ESPOSITO grabbed the middle finger on the Plaintiff's right hand and twisted it until the Plaintiff felt a pop, followed by intense pain.

**ANSWER:** Defendants deny the allegations in paragraph 13.

14. That the Plaintiff's finger has been disfigured by a swollen knuckle ever since.

**ANSWER:** Defendants deny the allegations in paragraph 14.

15. That the actions and omissions of the individual Defendants recounted above were undertaken under color of state law.

**ANSWER:** Defendants admit that they were acting under color of law, but deny the remaining allegations of paragraph 15.

16. That the actions and omissions of the individual Defendants recounted above were undertaken either with the intent to deprive the Plaintiff, THOMAS J. BAXA, of his rights under the Fourth Amendment to the United States Constitution, or in reckless disregard of said rights.

**ANSWER:** Defendants deny the allegations of paragraph 16.

7

17. That the misconduct described in this count was undertaken pursuant to the policy and practice of Defendant VILLAGE OF VILLA PARK and the Villa Park police department in that:

(a) As a matter of both policy and practice, the Villa Park police department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

(b) As a matter of both policy and practice, the Villa Park police department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Villa Park police officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting the Plaintiff;

(c) Specifically, Villa Park police officers accused of excessive force can be confident that Defendant VILLAGE OF VILLA PARK will not investigate those accusations in earnest, and will refuse to recommend discipline even where the officer has engaged in excessive force;

(d) Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Villa Park police department abuse citizens in a manner similar to that alleged by the Plaintiff in this count on a frequent basis; yet the Villa Park police department makes findings of wrongdoing in a disproportionately small number of cases, if any;

(e) Municipal policy-makers of Defendant VILLAGE OF VILLA PARK are aware of, and condone and facilitate by their inaction, a "code of silence" in the Villa Park police department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

(f) Defendant VILLAGE OF VILLA PARK has failed to act to remedy the patterns of abuse described in the preceding subparagraphs, despite actual knowledge of same, thereby causing the types of injuries alleged here.

**ANSWER:** Defendants deny the allegations of paragraph 17, including each and every subparagraph (a) through (f).

18. That, as a proximate result of the actions and omissions of the Defendants, and each of them, recounted above, the Plaintiff, THOMAS J. BAXA, suffered physical injuries, physical pain, humiliation, and mental anguish.

**ANSWER:** Defendants deny the allegations of paragraph 18.

WHEREFORE, Defendants VILLAGE OF VILLA PARK, GENARO ESPOSITO, JOSE PAGAN, KORDELL KITCHING, JAMES CIHAK, and DAVID SUBJECT, deny that the Plaintiff is entitled to any judgment whatsoever as against these Defendants.

## AFFIRMATIVE DEFENSES

The defendants, Village of Villa Park, Genaro Esposito, Jose Pagan, Kordell Kitching, James Cihak and David Subject, for their affirmative defenses state as follows:

1. The plaintiff, Thomas J. Baxa, has pleaded in his complaint that on June 3, 2006 he was arrested without probable cause and subjected to excessive force under the Fourth Amendment through 42 U.S.C. Section 1983.

2. The defendants, of Villa Park, Genaro Esposito, Jose Pagan, Kordell Kitching, James Cihak and David Subject, have answered the complaint denying they are legally liable to the plaintiff, Thomas J. Baxa, for the injuries he allegedly sustained.

3. Insofar as the defendants, Genaro Esposito, Jose Pagan, Kordell Kitching, James Cihak and David Subject, are named individually, they are entitled to qualified immunity because their conduct did not violate plaintiff's constitutional rights and/or the law was not clearly established under the facts of this case.

WHEREFORE, the defendants, Village of Villa Park, Genaro Esposito, Jose Pagan, Kordell Kitching, James Cihak and David Subject, pray that any judgment against them and in favor of the plaintiff, Thomas J. Baxa, be denied and barred by the federal doctrine of qualified immunity.

Respectfully submitted,

DeANO & SCARRY, LLC

_____s/Laura L. Scarry_____
Attorney for Defendants, VILLAGE OF VILLA PARK, an Illinois municipal corporation and GENARO ESPOSITO, JOSE PAGAN, KORDELL KITCHING, JAMES CIHAK, and DAVID SUBJECT

Laura L. Scarry
Scott B. Dolezal
DeAno & Scarry, LLC
53 W. Jackson Blvd.
Suite 1062
Chicago, IL 60604
(630) 690-2800
Fax: (630) 690-2853

10