# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS J. BAXA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| -vs- | ) | |
| | ) | |
| VILLAGE OF VILLA PARK, | ) | |
| an Illinois municipal corporation, | ) | No. 08 CV 3184 |
| and GENARO ESPOSITO, | ) | Judge Leinenweber |
| JOSE PAGAN, KORDELL KITCHING, | ) | Magistrate Judge Ashman |
| JAMES CIHAK, and DAVID SUBJECT, | ) | |
| the individual Defendants being named | ) | |
| in their individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RULE 50 MOTION FOR
## JUDGMENT AS A MATTER OF LAW

NOW COME Defendants, VILLAGE OF VILLA PARK ("Village"), an Illinois municipal corporation, GENARO ESPOSITO, JOSE PAGAN, KORDELL KITCHING, JAMES CIHAK, and DAVID SUBJECT, by and through one of their attorneys, Laura L. Scarry of DeANO & SCARRY, LLC, and for Defendants' Rule 50 Motion for Judgment as a Matter of Law, Defendants state as follows:

## I.     Introduction & Summary

The plaintiff, Thomas Baxa, has presented his entire case and been fully heard by the jury. Based upon the admitted evidence, Mr. Baxa has not provided a legally sufficient basis for a reasonable jury to rule in his favor on any remaining count.  Defendants request Rule 50 judgment in their favor.

1

<u>*A.      The Remaining Counts*</u>

Mr. Baxa proposes to submit the following four claims to the jury: (i) Fourth Amendment False Arrest against defendant Cihak; (ii) Fourth Amendment Excessive Force against the Individual Defendants; (iii) Fourth Amendment Failure to Intervene against all individual defendants; and (iv) a *Monell* claim against the Village of Villa Park.

<u>*B.      Rule 50 Standards*</u>

A judgment as a matter of law should be granted when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Fed.R.Civ.P. 50(a).* "[T]he standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law, such that 'the inquiry under each is the same.' " *Reeves v. Sanderson Plumbing Prod.* 530 U.S. 133, 149 (2000)(*quoting, Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc. v. Devcom Mid-Am Inc.,* 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelly Co.,* 42 F.3d 439, 443 (7th Cir. 1994). *Beraha v. Baxter Health Care,* 956 F.2d 1436, 1440 (7th Cir. 1992). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead it must ask whether any reasonable jury could find in favor of the Plaintiff. *Applebaum v. Milwaukee Metro Sewerage Dist.*, 340 F.3d 573, 578 (7th Cir. 2003).

## II.      *False Arrest Against Defendant Cihak (Count I)*

*Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), holds that the plaintiff in an action under *42 U.S.C. § 1983* may not pursue a claim for relief that implies the invalidity of a criminal conviction, unless that conviction has been set aside by appeal, collateral review, or pardon." *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir.2008). This rule "is intended to prevent collateral attack on a criminal conviction through the vehicle of a civil suit." *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir.2006) (*citing Heck v. Humphrey*, 512 U.S. 477, 484, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)).

On April 22, 2009, a DuPage County, Illinois jury found Mr. Baxa guilty on three counts of the crime of Aggravated Assault on a Police Officer, *720 ILCS 5/12-2(a)(6)*. **(Defendants Exhibit 5)** . Those are the charges that were filed against Baxa following his arrest by officer Cihak during the arrest at issue in this case.  The conviction has not been set aside.

Here, the conviction of Baxa bars his false arrest claim.  *Heck* makes clear that allowing a federal jury to decide on the validity of the arrest after the conviction is an impermissible collateral attack. Rule 50 judgment should be entered against Baxa and in favor of officer Cihak.

## III.      *Excessive Force Against Individual Defendant Officers (Count II)*

"A claim that a police officer has used excessive force in the course of an arrest, investigatory stop, or other 'seizure' of a citizen is addressed to the reasonableness of the seizure, under the standards established by the Fourth Amendment." *Gonzalez v. City of Elgin,* 578 F.3d 526, 539 (7th Cir. 2009). "An officer's use of force is unreasonable from a constitutional point of view only if, 'judging from the totality of circumstances at the time of the arrest, the officer used greater force than was reasonably necessary to make the arrest.' " *Id.* (citation omitted).

"Assessing whether the force used to effectuate a particular seizure is reasonable 'requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.' " *Stainback v. Dixon,* 569 F.3d 767, 772 (7th Cir. 2009) (*quoting, Graham v. Connor,* 490 U.S. 386, 396 (1989)).

A court must give "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Gonzalez,* 578 F.3d at 539 (quoting *Connor*, 490 U.S. at 396). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation." *Graham,* 490 U.S. at 396-97.

The Supreme Court has emphasized that "the 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with 20/20 vision of hindsight." *Id*. at 396.

A reasonable view of the evidence in this case shows that Mr. Baxa was belligerent inside Fitz's tavern, causing the police to respond. The plaintiff was non-compliant on the scene outside the tavern. He was yelling. He was using racial epithets at the responding officers. The officers, when the decision was made to arrest him, did so with the minimum amount of force necessary to control a man acting like plaintiff was.

Baxa not only fails to identify why the alleged force was excessive, he had to "also 'identify the specific unreasonable conduct that caused his or her injuries,' " *Stainback*, 569 F.3d

at 772-73 n. 7 (*quoting Abdullahi v. City of Madison*, 423 F.3d 763, 770-71 (7th Cir.2005)), and this he has not done. Baxa's failure to provide competent evidence on this point means that a reasonable jury does not have a sufficiently reasonable basis to find in his favor on his excessive force count.

### IV.    *Failure to Intervene Against All Individual Defendants (Count II)*

Mr. Baxa alleges that all the defendants failed to intervene to prevent a Constitutional wrong.  Because his false arrest claim is barred under *Heck*, the only failure to intervene claim that remains is the failure to intervene to prevent excessive force. Mr. Baxa has not provided evidence that would allow a reasonable jury to find that any of the individual defendants failed to intervene to prevent excessive force. A police officer only "has a duty under § 1983 'to intervene to prevent a false arrest or the use of excessive force if the officer is informed of the facts that establish a constitutional violation and has the ability to prevent it.' " *See Montano v. City of Chicago*, 535 F.3d 558, 569 (7th Cir.2008) (*quoting Morfin v. City of East Chicago*, 349 F.3d 989, 1001 (7th Cir.2003)).

First, there can be no failure to intervene when there is no underlying constitutional violation.  *See Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir.2005) (holding that the plaintiffs could not prove their failure to intervene claim because there was no underlying constitutional violation); *Abdullahi*, 423 F.3d at 767-68 ("[B]y definition, if there was no excessive force then there can be no failure to intervene."); *Fillmore v. Page*, 358 F.3d 496, 506 (7th Cir.2004) ("Simply put, there was no constitutionally impermissible failure to intervene because there was no violation that compelled intervention."). As explained above, Baxa has not shown a case of excessive force under the Fourth Amendment, so there was no failure to intervene.

Second, Mr. Baxa has to actually present evidence of the individual action or inaction of each officer he intends to hold liable. Baxa needs to point to each defendant and present evidence of how they failed to intervene. A police officer who is present and does not intervene to stop other officers from infringing the constitutional rights of citizens is liable under § 1983 only if the officer had reason to know "that excessive force was being used, ... and the officer had a realistic opportunity to intervene to prevent the harm from occurring." *See Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir.1994). *See Abdullahi v. City of Madison*, 423 F.3d 763, 774 (7th Cir.2005) ("This Court has implied that a realistic opportunity to intervene may exist whenever an officer could have called for a backup, called for help, or at least cautioned the excessive force defendant to stop.") (quotation marks and alterations omitted); *Wilson v. Town of Mendon*, 294 F.3d 1, 14 (1st Cir.2002) (no liability for an attack that is "over in a matter of seconds"). Here, the testimony revealed no specifics of which officer could have intervened at what point. There was no evidence submitted by Mr. Baxa concerning which particular officer knew of a constitutional wrong and then failed to prevent it.

### V.      *Monell Claim Against Villa Park*

Baxa has completely failed to produce any evidence that would support a verdict against the City. His complete failure to introduce typical *Monell*-like evidence means Rule 50 judgment is proper. While a municipality is not vicariously liable under § 1983 for the acts of its employees, a constitutional deprivation may be attributable to a municipality "when execution of a government's policy or custom ... inflicts the injury." *Monell*, 436 U.S. at 694, 98 S.Ct. 2018; *Schlessinger v. Salimes*, 100 F.3d 519, 522 (7th Cir.1996). "In other words, to maintain a [ Monell ] claim against a municipality, one must establish the requisite culpability (a 'policy or custom' attributable to

municipal policymakers) and the requisite causation (the policy or custom was the 'moving force' behind the constitutional deprivation)." *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir.2002); *see Bd. of the Co. Comm'rs v. Brown*, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997) ("The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged."). Baxa has produced insufficient evidence of any actionable policy on the part of the Village of Villa Park or its police department, as well as insufficient evidence that the Village was deliberately indifferent to any widespread constitutional violations by its officers.

Additionally, there can be no Monell liability when there is no underlying constitutional violation. *See Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir.2007) ("[T]here can be no liability under Monell for failure to train when there has been no violation of the plaintiff's constitutional rights."); *Windle v. City of Marion, Ind.*, 321 F.3d 658, 663 (7th Cir.2003) ("[A] plaintiff must prove that the individual officers are liable on the underlying substantive claim in order to recover damages from a municipality under [a theory of] ... failure to train.").

Respectfully submitted,

DeANO & SCARRY, LLC

s/Laura L. Scarry
Attorney for Defendants, VILLAGE OF VILLA PARK, GENARO ESPOSITO, JOSE PAGAN, KORDELL KITCHING, JAMES CIHAK, and DAVID SUBJECT

Laura L. Scarry  #6231266
DeANO & Scarry, LLC
53 W. Jackson Blvd., Suite 550
Chicago, IL 60604
(630) 690-2800
Fax:  (312) 564-4125